# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY SEARCY,

                Petitioner,

      v.                              Case No. 09-C-382

MARC CLEMENTS,[1]

                Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

## I. PROCEDURAL HISTORY

On May 13, 2003, following a jury trial, Jeffrey Searcy was convicted in Racine County Circuit Court of two counts of burglary and sentenced to nine years of initial confinement to be followed by nine years of extended supervision for each count, to be served consecutively. (Docket No. 15-1). The petitioner appealed his conviction, arguing that the evidence was insufficient to sustain his convictions; jurors utilized improper extraneous information (which the court shall refer to here as a jury misconduct claim); and his right to confrontation was violated. (Docket No. 15-2). In a published decision, the court of appeals affirmed The petitioner's conviction on December 21, 2005, (Docket No. 15-5, State v. Searcy, 2006 WI

---

[1] Online records of the Wisconsin Department of Correction, available at http://offender.doc.state.wi.us/lop/home.do, indicate that the petitioner is currently incarcerated at Fox Lake Correction Institution. The caption has been amended in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases to name the warden of this institution as the respondent. The Clerk shall update the docket accordingly. The petitioner, however, has never notified the court of any change of address. Therefore, the Clerk shall also mail a copy of this order to both Waupun Correctional Institution and Fox Lake Correctional Institution.

App 8, 288 Wis. 2d 804, 709 N.W.2d 497 [Ct. App. 2005]). The petitioner asked the Wisconsin Supreme Court to consider his confrontation argument, but he did not seek review of any other claim presented in his initial appeal. (Docket No. 15-6). The Wisconsin Supreme Court denied his petition for review on July 17, 2007. (Docket No. 15-10).

On January 10, 2008, The petitioner, now proceeding pro se, filed a petition for a writ of habeas corpus in the Wisconsin Supreme Court, alleging that his appellate counsel was ineffective for not including all claims in his petition for review. (Docket No. 15-11). The court denied the petition ex parte on February 21, 2008. (Docket No. 15-12). The petitioner then returned to circuit court where he filed a motion seeking post-conviction relief pursuant to Wis. Stat. § 974.06 on April 22, 2008. (Docket No. 17-17). The court denied this motion on September 19, 2008. (Docket No. 17-18). The petitioner did not appeal this decision.

Instead, the petitioner turned to this court and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on April 13, 2009. (Docket No. 1). This matter was initially assigned to Chief Judge Charles N. Clevert, Jr. who screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (Docket No. 8). The respondent answered the petition, (Docket No. 17), and the petitioner filed a response to this answer. (Docket Nos. 18, 19). The petitioner subsequently submitted a brief in support of his petition (Docket No. 23), and the respondent filed a brief in opposition. (Docket No. 26). The petitioner filed two reply briefs. (Docket Nos. 26, 28).

This matter was reassigned to this court pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73(b), and General Local Rule 3.1(a)(2) (now Gen. L.R. 3(a)(2)) upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket Nos. 10, 13, 14.) The pleadings on the petition are now closed and the matter is ready for resolution.

**II. EXHAUSTION OF STATE COURT REMEDIES**

The respondent contends that the petitioner has procedurally defaulted all of the claims he presents in his petition because he failed to exhaust his state court remedies with respect to these claims.

A federal court cannot grant a state inmate's petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999). Thus, in a case such as the petitioner's, this court looks to the petition for review he filed with the Wisconsin Supreme Court to determine which, if any, claims he has exhausted. The court then compares any exhausted claims against the claims contained in the present petition.

As previously noted, the only claim the petitioner presented to the Wisconsin Supreme Court in his petition for review was his claim that his right to confrontation was violated. (Docket No. 15-6). However, this claim is not included in his present petition for a writ of habeas corpus. (Docket No. 1). Thus, none of the claims contained in the petitioner's current petition were presented to the Wisconsin Supreme Court in a petition for review.

The petitioner's only other filing in the Wisconsin Supreme Court was his petition for a writ of habeas corpus wherein he argued that his appellate counsel was ineffective for failing to include in the petition for review the insufficiency of the evidence and jury misconduct claims. The petitioner does not explicitly raise either of these arguments in his present petition, but does allude to both within the context of his allegation of "judicial error" and also discusses each in some further detail in his subsequent briefs. Broadly construing the petitioner's petition

3

as the court must in light of the petitioner's pro se status, the court accepts for present purposes that the petitioner's petition adequately alleges claims that his due process rights were violated as a result of the jury relying upon extraneous information and because the evidence presented was insufficient to sustain his conviction. Thus, the question before the court is whether the petitioner exhausted his state court remedies by including these claims in the petition for a writ of habeas corpus that he filed with the Wisconsin Supreme Court.

There is little doubt that if the petitioner's appellate counsel had included both the insufficiency of the evidence claim and the jury misconduct claim in the petition for review, the petitioner's state court remedies would have been exhausted with respect to these claims. But when appellate counsel chooses not include certain claims in a petition for review, what is the appropriate avenue for a defendant to exhaust these claims? Certainly it makes little sense to require him to begin again with the circuit court and then proceed through the court of appeals with these claims for both of these courts have already squarely rejected these claims. Rather, the court concludes that under Wisconsin law, the path taken here by the petitioner, whereby the defendant presents the claims to the Wisconsin Supreme Court by way of a petition for a writ of habeas corpus in accordance with State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992), on the basis that the defendant was denied the effective assistance of counsel when counsel failed to include certain issues in the petition for review, was sufficient to exhaust these claims for the purposes of federal habeas corpus review.

Thus, it is the conclusion of this court that the filing of a petition for a writ of habeas corpus with the Wisconsin Supreme Court will be sufficient to exhaust claims that remain unexhausted due solely to appellate counsel's failure to include them in the petition for review filed as part of a direct appeal of a conviction. This procedure appears to best satisfy the

4

comity rationale underlying the exhaustion requirement whereby the petitioner has given the state courts through one complete round of appellate proceedings the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights," Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotation marks omitted), while avoiding needlessly repetitive state court filings. See O'Sullivan v. Boerckel, 526 U.S. at 845. Therefore, the court concludes that the petitioner has exhausted his state court remedies with respect to his insufficiency of the evidence and juror misconduct claims.

Although the petitioner has exhausted his state court remedies with respect to these two claims, he clearly has failed to exhaust his state court remedies as to any of the numerous other claims he includes in his petition because they were never presented to the Wisconsin Supreme Court, or even the court of appeals. While some of these other claims were apparently presented in his § 974.06 motion for post-conviction relief, the petitioner never appealed the denial of this motion and thus failed to exhaust his state court remedies for these claims. Therefore, the question for this court becomes whether the petitioner's failure to exhaust his state court remedies should be excused.

### III. CAUSE AND PREJUDICE OR ACTUAL INNOCENCE

A petitioner may avoid procedural default in two ways: by demonstrating (1) cause and prejudice or (2) actual innocence. Holmes v. Hardy, 608 F.3d 963, 967-68 (7th Cir. 2010) . The petitioner seems to argue both apply to him.

In an apparent effort to demonstrate cause for his failure to exhaust his state court remedies, the petitioner points to the fact that the circuit court concluded that his collateral attack upon his conviction pursuant to Wis. Stat. § 974.06 was barred by the principle set forth

5

in State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 163-64 (1994), because the claims could have been raised in a prior proceeding. (Docket No. 18 at 3-4; see also, Docket No. 1 at 12; Docket No. 28 at 4).

The fact that a claim was barred by Escalona-Naranjo is not cause to excuse a petitioner's failure to exhaust his state court remedies. To the contrary, the state procedural rule set forth in Escalona-Naranjo is an adequate and independent state law ground for the state court's decision. Thus, if a state court relies upon the Escalona-Naranjo procedural rule to deny a post-conviction challenge, the federal court must deny a petition for a writ of habeas corpus, even if the petitioner were to exhaust his state court remedies with respect to that claim. Perry v. McCaughtry, 308 F.3d 682, 692 (7th Cir. 2002).

However, like procedural default, a claim rejected by a state court for adequate and independent state law grounds might still be considered by a federal court if the petitioner is able to demonstrate cause and prejudice or actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Here, the petitioner offers nothing that could conceivably constitute cause to overcome the state court's application of Escalona-Naranjo, other than the application of the Escalona-Naranjo rule itself. Such tautology is obviously insufficient; the source of the default cannot itself be cause to overcome the default. Therefore, because the petitioner has failed to demonstrate cause for his procedural default, the court need not consider whether he petitioner was prejudiced.

The petitioner's efforts to demonstrate actual innocence also fall short. To demonstrate actual innocence, a petitioner must demonstrate that but for the constitutional error, no reasonable jury would have found him guilty, Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004), or that in light of newly discovered evidence "it is more likely than not that no

6

reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) (quotation marks omitted). The petitioner's claim of actual innocence is essentially a reiteration of his insufficiency of the evidence claim. He does not point to any newly- discovered evidence. As explained in Section VI below, the petitioner's insufficiency of the evidence claim fails; thus, any claim of actual innocence fails for the same reasons.

### IV. "MIXED" PETITION

Having concluded that the petitioner is unable to avoid the consequences of his failure to exhaust his state court remedies for the majority of the claims contained in his petition, the petitioner's petition is "mixed." When a petition contains claims for which the petitioner has exhausted his state court remedies as well claims for which he has not exhausted his state court remedies, the petition must generally be dismissed in its entirety. Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509 [1982]). However, with AEDPA's one-year statute of limitations for filing a § 2254 petition for a writ of habeas corpus, see 28 U.S.C. § 2244(d)(1), and the prohibition on state inmates filing more than one petition for a writ of habeas corpus, see 28 U.S.C. § 2244(a)-(b), dismissing the present petition in its entirety because it is a mixed petition would probably bar the petitioner from ever presenting his claims to a federal court.

Likely the only way a federal court would be able to consider an unexhausted claim in a case such as this is if the court was to stay the federal habeas corpus proceedings and hold the petition in abeyance while the petitioner returned to state court to exhaust his remedies. But staying proceedings and holding a petition in abeyance while the petitioner exhausts his state court remedies is an extraordinary step that is limited to instances where not only is

7

there potential merit to the petitioner's unexhausted claims, but also that the petitioner has demonstrated that there was good cause for his failure to exhaust his state court remedies. Rhines, 544 U.S. at 277.

The petitioner's only apparent allusion to possible cause for his failure to exhaust his state court remedies is again the reference to the circuit court's application of the Escalona-Naranjo procedural rule. See Docket No. 28 at 4. This does not constitute good cause sufficient to stay the proceedings and hold the petition in abeyance. The petitioner plainly was not barred from pursuing relief from the court of appeals and eventually the Wisconsin Supreme Court. He simply chose not to do so.

But perhaps more importantly, there is no reason to believe that staying the proceedings and holding the petition in abeyance would ever lead to this court being able to consider the merits of the petitioner's unexhausted claims. If the state courts applied the Escalona-Naranjo rule, this court would remain precluded from considering the merits of the petitioner's claims even after the claims were presented to a full round of the state's post-conviction process because the state courts would have rejected the claims on adequate and independent state law grounds. But the state courts would be unlikely to ever get to the point of applying Escalona-Naranjo because the time for the petitioner to appeal the circuit court's order has long since passed. See Wis. Stat. § 808.04. The fact that the petitioner's effort to appeal the circuit court's denial of his § 974.06 motion would likely be rejected as untimely would present a second adequate and independent state law basis for rejecting the claims thus precluding this court's review of any potential constitutional issue. See O'Sullivan v. Boerckel, 526 U.S. at 848.

8

Case 2:09-cv-00382-PJG    Filed 03/05/12    Page 8 of 15    Document 29

Because the petitioner's procedural default cannot be overlooked and because there is not good cause to stay the proceedings and hold the petitioner's petition in abeyance as he exhausts his state court remedies, it would not be possible for this court to grant the petitioner relief on any of those claims. See 28 U.S.C. § 2254(b)(1)(A). The inclusion of unexhausted claims in his petition ordinarily also would mean that this court is prohibited from considering the merits of any claim in his petition, including the two claims the petitioner has exhausted in state court. Therefore, as his petition is currently presented, the court would have no choice but to deny it in its entirety because it includes both exhausted and unexhausted claims.

Often a petitioner faced with the possibility that his petition is mixed will ask the court to consider his unexhausted claims withdrawn if the court finds the petition to be mixed so that the court may proceed to consider the merits of his exhausted claims. The petitioner has not formally made such a request to this court. However, in light of the petitioner's pro se status and because the withdrawal of his unexhausted claims is the best outcome the petitioner could hope for (the only alternative would be the dismissal of his petition in its entirety without the court considering the merits of any of his claims), the court will regard the petitioner's unexhausted claims as withdrawn. Therefore, the court shall proceed to consider the merits of the petitioner's two exhausted claims.

**V. STANDARDS OF REVIEW**

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), [a federal court] may grant a petition for habeas relief from a state court judgment only in one of two limited circumstances: if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Smith v. Grams, 565 F.3d 1037, 1043 (7th Cir. 2009).

Thus, this court's authority to upset a state court conviction is very limited. The court shall presume that the state court's factual determinations are correct, and the petitioner may rebut this presumption only by clear and convincing evidence. Id. (citing §2254(e)(1)). The petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." Id. (citing Waddington v. Sarausad, 555 U.S. 179, 129 S. Ct. 823, 831 (2009); Sturgeon v. Chandler, 552 F.3d 604, 609 [7th Cir. 2009)]. Under the "unreasonable application" prong of §2254(d)(1), it is not enough for the federal court to simply disagree with the conclusion of the state court; the state court's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

**VI. SUFFICIENCY OF THE EVIDENCE**

"Challenging the sufficiency of the evidence is a tough undertaking at best." United States v. Holstein, 618 F.3d 610, 612 (7th Cir. 2010). Evidence is sufficient to sustain a conviction provided "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Lavin v. Rednour, 2012 U.S. App. LEXIS 1217 (7th Cir. Jan. 20, 2012) (quoting Jackson v. Virginia, 443 U.S. 307, 319 [1979[).

The petitioner was connected to the first burglary through a fingerprint and palm print recovered from the "mangled" window screen found on a bed inside the home after the burglary. (Docket No. 15-5, ¶25). The homeowner testified that the only way to remove the screen was from inside the residence. (Docket No. 15-5). The front door of the residence had been kicked in and property, including a pillowcase from the bed, was missing. (Docket No. 15-5).

10

The petitioner called a friend as a witness who testified that she had twice dropped the petitioner off at the burglarized home and was allowed inside by a white woman. (Docket No. 15-5, ¶26). The only female to reside at the burglarized home was called in rebuttal and denied ever allowing a black male into her residence around the relevant time and stated that her position with the Wisconsin Department of Corrections would preclude her from having any sort of relationship with a convicted felon like the petitioner. (Docket No. 15-5).

The modus operandi of the second burglary was the same as the first. The front door was kicked in and a pillowcase was removed from a bed. (Docket No. 15-5, ¶30.) The pillowcase taken during the second burglary was found in a closet of a home where the petitioner had stayed, and inside the knotted pillowcase was some of the property taken during the second burglary. (Docket No. 15-5, ¶30.)

The similar modus operandi suggested that each burglary was committed by the same person and other evidence suggested that that person was the petitioner. In light of the condition in which the window screen was found, the petitioner's finger and palm print on the window screen adequately connected the petitioner to the first burglary. The discovery of property from the second burglary in a residence where he previously stayed connected him to the second burglary. Based upon this evidence, the court has no difficulty concluding that a reasonable jury could have found the petitioner guilty of both burglaries. Thus, the court of appeals' decision rejecting the petitioner's claim that the evidence was insufficient to sustain his conviction was not contrary to or involved an unreasonable application of clearly established federal law. Therefore, the court must reject this claim.

**VII. JURY MISCONDUCT**

Following the petitioner's convictions, a juror contacted the petitioner's trial attorney and alleged that a fellow juror had researched the petitioner's criminal record prior to deliberations. (Docket No. 15-5, ¶18). That juror then made reference to the petitioner's prior burglary conviction during deliberations. (Docket No. 15-5, ¶19). The juror who contacted the petitioner's attorney with this allegation testified at a post-conviction hearing, but the trial court declined to credit her testimony, concluding that she was not credible. (Docket No. 15-5, ¶¶20, 34-39).

Before the court can get to the question of whether the actions alleged would amount to a constitutional violation such that federal habeas relief would be appropriate, the court must first address the factual question of whether the actions alleged even occurred. As noted above, the factual determinations of a state court are presumed to be correct. This court can upset that determination only if the petitioner presents clear and convincing evidence that the factual determinations were incorrect. Thus, the court's analysis begins (and ends) with the question of whether the circuit court's conclusion that the juror's testimony was not credible, was clearly erroneous.

In reviewing the record in this matter, the court has paid particular attention to the transcript of the juror's testimony, (Docket No. 17-15), and the transcript of the circuit court's decision rejecting the petitioner's post-conviction motion. Docket No. 17-16). Based upon this review, the court is unable to conclude that there is clear and convincing evidence to upset the trial court's conclusion that the juror was not credible.

The juror testified that another juror made a comment in reference to the petitioner to the effect of, "[H]e is a felon and this isn't the first time he burglarized." (Docket No. 17-15 at

12

20). The juror speculated that this statement meant that the other juror must have researched the petitioner's criminal record through Wisconsin's Consolidated Court Automation Programs (commonly called CCAP), available at http://wcca.wicourts.gov. However, she offered nothing further to support this assumption. The fact that the petitioner was a convicted felon was part of the evidence in the case. (Docket No. 17-9 at 17-18). The juror's statement about the petitioner's prior burglaries could have just as easily been a product of the other juror's rank speculation rather than the product of improper extraneous research, or the juror may have been trying to persuade her fellow jurors regarding the second burglary by referring to the earlier burglary charged in the information.

The juror's testimony further undermined the credibility of her allegation. It was clear that, for whatever reason, she came to regret her decision to convict the petitioner and wished to alter the outcome. She went so far as to follow the petitioner's case post-verdict on CCAP. (Docket No. 17-15 at 22). She eventually decided to contact petitioner's attorney not because of a belief that jurors had improperly relied upon petitioner's prior record in finding him guilty, but rather a concern that the CCAP record had mistakenly shown the petitioner to have been convicted of four crimes instead of two. (Docket No. 17-15 at 22). Following her initial testimony, the juror and her husband subsequently refused to cooperate with further efforts to support the petitioner's claim. (Docket No. 17-16 at 3-4).

Based upon all these circumstances, it was entirely reasonable for the circuit court to conclude that her testimony was not credible and that the petitioner had failed to establish that the jury improperly relied upon extraneous information in reaching its verdict. Therefore, this court is unable to conclude that the court of appeals' decision was contrary to, or involved an

13

unreasonable application of, clearly established federal law and, therefore, the court must reject this claim.

**VIII. CONCLUSION**

Although the petitioner failed to include two of his claims in the petition for review filed with the Wisconsin Supreme Court, the petitioner did include these claims in a petition for a writ of habeas corpus that he subsequently filed with the Wisconsin Supreme Court. The court concludes that for present purposes, this was sufficient to exhaust his state court remedies as to these two claims. However, the petitioner has failed to exhaust his state court remedies with respect to the majority of the claims contained in his petition, and because he cannot demonstrate cause and prejudice or actual innocence, his petition is "mixed." A mixed petition ordinarily must be dismissed in its entirety, but to permit the petitioner the opportunity to have a federal court adjudicate the merits of the two claims for which he has exhausted his state court remedies, the court considered the petitioner's unexhausted claims withdrawn.

Considering the petitioner's two exhausted claims on their merits, the court concludes that the decision of the court of appeals was not contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court. A reasonable jury could have found the petitioner guilty of both burglaries and it was not clearly erroneous for the circuit court to conclude that the juror's testimony was not credible. Therefore, the petitioner's petition for a writ of habeas corpus will be denied.

Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases as amended, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

14

2253(c)(2). The court concludes that the petitioner has failed to make this requisite showing that his constitutional rights were denied. Therefore, the court will deny a certificate of appealability as to the petitioner's claims.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of March, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
U.S. Magistrate Judge